IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARMOUTH INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-0567 |
| | ) | |
| DOLLAR GENERAL CORPORATION and | ) | Judge Haynes |
| DOLGENCORP, LLC, | ) | Jury Demand |
| a subsidiary of Dollar General Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

To provide for the prompt, efficient and orderly production of documents and to preserve and maintain the confidentiality of certain documents and information to be produced in this litigation by the parties and/or by any non-party, the parties have agreed and the Court finds good cause to enter this Order, and, therefore, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and with the consent of all parties, it is hereby ORDERED:

1. **Definitions:**

(a) "Confidential Information" means information that constitutes a trade secret or reveals confidential research, development, business, financial, or commercial information or personal information that implicates individual privacy interests such as personal financial, tax or employment information or personal identifying information such as home addresses and telephone numbers. Confidential Information does not include information that has been disclosed in the public domain and in a manner not in conflict with this Agreement.

b) "Highly Confidential Information" means information of a proprietary business or technical nature that might reasonably be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto, or might reasonably pose a commercial disadvantage to the producing party, and that must be protected from disclosure. Highly Confidential Information does not include information that has been disclosed in the public domain.

(c) "Confidential Material" means any document(s) or testimony designated as "Confidential" pursuant to Paragraph 2 of this Order and any Confidential Information contained therein.

(d) "Highly Confidential Material" means any document(s) or testimony designated as "Highly Confidential" pursuant to Paragraph 2 of this Order and any Highly Confidential Information contained therein.

2. **Designation.**

(a) A document (or portion of a document) that a party or a third party determines in good faith to contain Confidential Information or Highly Confidential Information may be designated as Confidential Material or Highly Confidential Material by (1) stamping the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document, (2) otherwise indicating the portion that is confidential or highly confidential, (3) employing other means provided for in this Order, or (4) using any other reasonable method agreed to by the parties. The party or third party producing documents designated as Confidential Material or Highly Confidential Material shall also produce a copy of each document with the Confidential Information or Highly Confidential Information redacted, which redacted copy shall not be considered Confidential Material or Highly Confidential Material.

(b) A party or a third party may, on the record of a deposition or by written notice to opposing counsel not later than thirty (30) days after receipt of the deposition transcript, designate any portion(s) of the deposition as Confidential Material or Highly Confidential Material based on a good-faith determination that any portions so designated constitute Confidential Information or Highly Confidential Information. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c) By designating a document or testimony as Confidential Material or Highly Confidential Material pursuant to Paragraph 2(a) or (b), a party or a third party represents that it has made a bona fide, good-faith effort to determine that the document or testimony does, in fact, contain Confidential Information or Highly Confidential Information.

(d) No party concedes that any documents designated by any other party as confidential or highly confidential are in fact Confidential Information or Highly Confidential Information.

(e) Any inadvertent failure to assert confidentiality shall not preclude a party from designating any documents or testimony as Confidential Material or Highly Confidential Material, in which event the items subject to such designation shall thereafter be treated as Confidential Material or Highly Confidential Material. The producing party shall notify the other party of such designation in writing.

3. **Challenge to Designation.**

(a) Any party may challenge a designation made under Paragraph 2 by written notice of its objection to counsel for the designating party or non-party. Challenge to a

designation made under Paragraph 2(b) may be made either upon the record of the deposition or as provided in the preceding sentence.

  (b) In the event a designation is challenged, the challenging and designating party shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved within ten (10) days, the party challenging the designation may move for an appropriate ruling from the Court. The material shall continue to be treated as Confidential Material or Highly Confidential Material unless the parties agree in writing or the Court rules to the contrary. In the event the challenging party applies to the Court for such a ruling, the challenging party shall have the burden of establishing that the document is not entitled to protection as Confidential Material or Highly Confidential Material. In the event a designation is challenged, the prevailing party shall be entitled to its legal fees and expenses associated with obtaining the Court's ruling.

  (c) A party shall not be obligated to challenge the propriety of the designation of documents as Confidential Material or Highly Confidential Material at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

**4. Use of Confidential Material and Highly Confidential Material Limited.**

Confidential Material and Highly Confidential Material and the portion of all writings, including the portion of pre-trial court papers, that quote from, summarize, or comment upon such materials shall be treated as confidential or highly confidential and used by counsel solely for this litigation. Confidential Material and Highly Confidential Material may not be disclosed to anyone except as provided in this Order. Notwithstanding the foregoing, each party shall be permitted to use its own Confidential Material and Highly Confidential Material in any way it chooses.

5.  **Not Applicable to Trial.**

This Order does not apply to the offer of or admission into evidence of Confidential Information or Highly Confidential Information or Confidential Material or Highly Confidential Material or their contents at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial or evidentiary hearing.

6.  **Filing under Seal.**

Confidential Material and Highly Confidential Material and documents containing any Confidential Information or Highly Confidential Information shall be filed under seal.

7.  **Disclosure of Confidential Material.**

Confidential Material may be shown, disseminated, or disclosed only to the following persons:

(a) The parties;

(b) All attorneys of record for the parties;

(c) All regular and temporary employees of such attorneys to whom it is necessary that the information or material be shown for the purposes of this litigation;

(d) Experts and consultants retained by the parties for discovery and preparation for trial;

(e) All authors or recipients of the information designated as "Confidential";

(f) The court, court personnel, court reporters, and the jury;

(g) Witnesses (other than persons described in Paragraph 7(e)); and

(h) Photocopy vendors retained by the parties for discovery and preparation for trial.

8.  **Disclosure of Highly Confidential Material.**

Highly Confidential Material may be given, shown, made available or communicated in any way only to the individuals listed in categories (b), (c), (d), (f) and (h) in Paragraph 7 above. It may not be given, shown, made available or communicated in any way to any parties to this case (with the exception of the disclosing party to the extent the party is disclosing the information), their officers, directors, employees, in-house counsel or in-house experts, or any other persons or entities.

9.  **Agreement by Disclosees.**

Before disclosure of any Confidential Material or Highly Confidential Material, a person described in Paragraphs 7(d) and (g) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court. Each such person shall execute an acknowledgement in the form attached hereto. Any person described in Paragraph 7(g) who will not sign the acknowledgement form may be shown Confidential Material only in a deposition at which the party who produced the Confidential Material is represented, or in the course of preparing for his or her deposition or for and/or at trial. At the request of any party or non-party, the portion of the deposition transcript involving the information designated as "Confidential" shall be designated "Confidential" pursuant to Paragraph 2 above. Persons described in Paragraph 7(g) who are shown information designated as "Confidential" shall not be allowed to retain copies of said information.

## 10. Retention of Jurisdiction by Court.

This Court shall retain jurisdiction to make amendments, modifications, and additions to this Order as the Court may, from time to time, deem appropriate, as well as to resolve any disputes about the disposition of Confidential Material or Highly Confidential Material.

## 11. Inadvertent Production Not a Waiver of Privilege.

The production and/or copying of any document or documents by any party will not constitute a waiver by that party of any claim of confidentiality, trade secret, attorney-client privilege, attorney work-product doctrine, joint-defense privilege, or other privilege or immunity (collectively, "Privileges"). The production and/or copying of any document or documents that concern a particular subject matter by any party shall not constitute a waiver with respect to any Privileges potentially applicable to any other documents or other information pertaining or relating to the same or similar subject matter. Any such waiver must be express and intentional. Any party that receives a document that reasonably appears to be subject to Privileges and was produced inadvertently shall immediately seal the document from disclosure and notify the producing party. If the producing party requests that the document be returned, the receiving party shall comply but may petition the Court for a ruling on whether the document should be produced.

## 12. Third-Party Discovery:

The parties agree that the production of any discovery material by any non-party shall be subject to and governed by the terms of this Protective Order. Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections of the Protective Order are available to such person.

### 13. Violations of Protective Order:

In the event any person or party subject to this Protective Order violates or threatens to violate any term of this Protective Order, the aggrieved party or non-party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any provision of this Protective Order. In any such proceeding, no person subject to the provisions of this Protective Order shall assert as a defense that the aggrieved party or non-party possesses an adequate remedy at law.

### 14. Return or Destruction of Confidential Material and Highly Confidential Material.

All provisions of this Order restricting the communication or use of Confidential Material and Highly Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by the parties hereto or ordered. At the conclusion of the litigation, upon request of the party or non-party who provided the Confidential Material or the Highly Confidential Material, a party in the possession of Confidential Material or Highly Confidential Material, other than that contained in pleadings and hearing or deposition transcripts that have been filed in Court, shall either (a) return such documents no later than thirty (30) days after the request of the party or non-party who provided such information; or (b) destroy such documents within such time period and certify in writing within the thirty (30) day period that the documents have been destroyed.

### 15. Court-Order Exception.

Production of any Confidential Material or Highly Confidential Material in response to an apparently lawful subpoena, motion or order of or in any court or other governmental agency in another action by a party who has possession of such information through discovery in this matter shall not be deemed a violation of any of the terms of this Order. The party receiving
8

such subpoena, motion or order, however, shall first promptly notify the producing party and prior to production, if it can be done without placing the non-producing party in violation of the subpoena, motion or order, and shall give the producing party the opportunity to secure confidential treatment, whether by protective order or otherwise, for such materials upon terms comparable to those applicable to such materials under the terms of this Order and/or seek to block the production.

16. **Order Operable Prior to Court Entry:**

Until such time as this Protective Order has been entered by the Court, the parties agree that, upon execution by the parties, it will be treated as though it has been "So Ordered."

It is so ORDERED.

JUDGE

DATE: 9-2-14

AGREED TO AND APPROVED FOR ENTRY BY:

/s/ Erika R. Barnes
Erika R. Barnes, BPR #28628
J. Matthew Kroplin, BPR #27363
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
(P) 615-782-2252; (F) 615-742-0734
e-mail: ebarnes@stites.com

*Attorneys for Plaintiff/Counter-defendant*


/s/ Tara L. Swafford
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford, BPR # 17577
Elizabeth G. Hart, BPR # 30070
207 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Defendants/Counter-plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been sent via the Court's electronic filing system to:

Erika R. Barnes
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
ebarnes@stites.com

on this 29th day of August, 2014.

/s/ Elizabeth G. Hart
Elizabeth G. Hart

# EXHIBIT A

1.  I, _____, have read the foregoing Stipulated Protective Order entered in an action entitled Armouth International, Inc. v. Dollar General Corporation and Dolgencorp, LLC, U.S. District Court for the Middle District of Tennessee, Case No. 3:14-cv-00567 (the "Action"), and agree to be bound by its terms with respect to any documents, tangible things, information or materials that are furnished to me as set forth in the Protective Order;

2.  I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under the Protective Order any documents, tangible things, information or materials that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and

3.  I hereby agree that any documents, tangible things, information or materials furnished to me will be used by me only for the purposes of this Action and for no other purpose, and will be returned to the person who furnished such documents, tangible things, information or materials to me or destroyed.

Signature: _____

*Please Print or Type the Following*

Name: _____

Position/Title: _____

Company: _____

Address: _____

Telephone: _____

Date: _____