# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ARMOUTH INTERNATIONAL, INC., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | NO. 3:14-cv-00567 |
| v. ) | JUDGE CRENSHAW |
| ) | |
| DOLLAR GENERAL ) | |
| CORPORATION and ) | |
| DOLENCORP, LLC, ) | |
| ) | |
| DEFENDANTS. ) | |

## ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge ("R&R"). (Doc. No. 82.) Plaintiff Armouth International, Inc. ("Armouth") filed timely objections to the R&R, and Defendant Dollar General responded to Armouth's objections. The Court has reviewed the R&R, the parties' briefs on the objections, and conducted a de novo review of the record. The Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R&R.

Armouth's first objection that it did not waive its affirmative defenses of unconscionability or illusory promise because it is not required to plead an affirmative defense to an affirmative defense is sustained, reluctantly. (Doc. No. 83-1 at 5-6.) Armouth asserted its unconscionability and illusory promise affirmative defenses against Dollar General's thirteenth affirmative defense, which states that the "cancellation of contract by Defendants was proper under Tennessee law." (Doc. No. 10 at 6.)

"Plaintiffs have no obligation to plead against affirmative defenses." Asebo v. Kansas State Univ., 559 Fed. Appx. 668, 671 (10th Cir. March 17, 2014) (citing Jones v. Block, 549 U.S. 199, 216 (2007)). Additionally, Dollar General was able to respond to the claims in its response to the

objection to the R&R (Doc. No. 84 at 5-9), so it was not prejudiced by the timing of Armouth's claims. See Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Foundation, 402 U.S. 313, 350 (1971)) ("[T]he purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it."). Therefore, the Court sustains Armouth's first objection. Armouth did not waive its unconscionability and illusory promise defenses.[1]

The Court also sustains Armouth's second objection regarding the merits of the illusory promise defense. A promise is illusory if it "essentially promis[es] nothing at all, or allow[s] the promisor to decide whether or not to perform the promised act." Cumberland Props., LLC v. Ravenwood Club, LLC, No. M2010-01814-COA-R3-CV, 2011 WL 1303375, at *9 (Tenn. Ct. App. April 5, 2011) (quoting Walker v. Ryan's Family Steak Houses, Inc., 289 F. Supp. 2d 916, 929 (M.D. Tenn. 2003)). "That is, [a] promise is illusory when it fails to bind the promisor, who retains the option of not performing; an illusory promise is not consideration for a return promise, and so cannot be the basis for finding a contract." German v. Ford, 300 S.W.3d 692, 705 (Tenn. Ct. App. 2009). However, although not discussed by the parties, a contractual obligation is not illusory "if the party's discretion must be exercised with reasonableness or in good faith." Id. at 704 (citing 17A Am. Jur. 2d Contracts § 130 (2004)). In Tennessee, courts "almost invariably" imply a requirement of good faith, "requiring that the obligee's dissatisfaction with the obligor's performance exist in good faith and not be simulated to escape liability." Id.

Here, there is a question of material fact as to whether Dollar General acted in good faith when it cancelled the contracts. Dollar General claims that the contract was not an illusory promise

---

[1] The Court is not impressed by Armouth's waiting until its reply brief on its motion for summary judgment to raise the illusory promise defense. However, as Dollar General did not assert any prejudice in terms of discovery and it had a full opportunity to brief the issue, the Court reluctantly allows Armouth to assert these claims.

because it had to cancel the contracts in writing before the goods were delivered. However, since acceptance of the goods completes the parties' obligations under the contract, the provision essentially allows Dollar General to cancel the contract at any time before the contract is completed. This does not "bind the promisor, who retains the option of not performing . . . ." German, 300 S.W.3d at 705. As the question of material fact regarding whether Dollar General cancelled the contracts in good faith remains, the Court denies summary judgment on this claim.

Armouth's third objection is to the R&R's findings that the three-month limit to damages contained in the quote sheet is enforceable to all the contracts, even though some of the contracts contained purchase orders with merger clauses that did not contain the temporal limitation. (Doc. No. 83-1 at 7.) However, the R&R found that the contracts with purchase orders were cancelled pursuant to the valid cancellation clause in the purchase order. (Doc. No. 38-2 at 27, clause 8.) Therefore, the temporal limitation to the damages only applies to contracts formed without a purchase order. Given the Court's conclusion that a dispute of material fact exists regarding whether Dollar General properly cancelled its contracts containing a purchase order, Armouth's objection is sustained on those contracts. If Dollar General did not act in good faith in cancelling the contracts, the temporal limitation contained in the quote sheet will not apply to the contracts that contained a purchase order because the purchase order contained a valid merger clause.

Armouth's remaining objections are to the findings of fact contained in the R&R. The Court has reviewed the record and finds no error in the findings of fact. Therefore, these objections are overruled.

Accordingly, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R&R. (Doc. No. 82.) Dollar General's motion for partial summary judgment (Doc. No. 39) is **GRANTED IN PART** with respect to barring Armouth from recovering incidental or

consequential damages and dismissing Armouth's claim for unjust enrichment, and **DENIED IN PART** with respect to limiting Armouth's damages to the purchase price of goods purchased between January 29, 2013, and April 29, 2013. Armouth's unjust enrichment claim is **DISMISSED WITH PREJUDCE**. Armouth's motion for partial summary judgment (Doc. No. 41) is **DENIED**.

It appears that the parties filed motions in limine in preparation for trial in October 2015 before obtaining a ruling on the motion for summary judgment. (Doc. No. 65-68.) The court then cancelled the trial date, which this Court reset for October 4, 2016. Accordingly, the motions in limine (Docs. No. 65-68) are **DENIED WITHOUT PREJUDICE** to the parties refiling the appropriate motions in limine in accordance with the Court's scheduling order. (Doc. No. 94.)

IT IS SO ORDERED.

/s/ Waverly D. Crenshaw, Jr.
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE